No. ——

First Circuit

---

## HICKS v. WHITE CRANDIN LUMBER CO.

---

(May 3, 1927. Opinion and Decree.
(October 6, 1927. Dismissed on Application for Rehearing by Consent of Parties.)

---

(*Syllabus by the Editor.*)

1. **Louisiana Digest—Master and Servant —Par. 159, 160 (j).**
Where the preponderance of evidence shows that the injured employee suing for compensation under the Employers' Liability Act, No. 20 of 1914, received an axe cut in his knee which caused a permanent total disability to his leg, he will recover sixty-five per cent of his daily wage for a period of one hundred· and seventy-five weeks.

2. **Louisiana Digest—Master and Servant Par. 160 (j).**
Where it was judicially admitted that payments of compensation were made on a basis of injured employee's earning $4.50 per day and the evidence shows that he did earn $4.50 per day, judgment will be on that basis.

Appeal from the Parish of Vernon. Hon. H. A. Burgess, Judge.

Action by Josh Hicks against White Crandin Lumber Co.

There was judgment for plaintiff and defendant appealed.

Judgment affirmed.

Fern M. Wood, of Leesville, attorney for plaintiff, appellee.

Thornton, Gist & Richey, of Alexandria, attorneys for defendant, appellant.

MOUTON, J. · While performing services as an employee of defendant company, plaintiff, on August 11, 1926, received a severe cut on his left knee. He alleges that a serious permanent impairment to his leg resulted from the injury disabling him from performing work of any reasonable character, for which he sues defendant company in compensation ·under the Employers' Liability Act. He recovered judgment for 65 per centum of his daily wage of $4.50 for a period of 175 weeks, for the total permanent loss of the use of his leg. The defendant company appeals.

That plaintiff was injured on his left knee by an axe cut there is no question. The main difficulty to a proper solution of the case seems to arise from the difference in opinion of the physicians in reference to the nature, seriousness and effects of the wound.

They all agree that the patella ligaments were severed by the cut. They differ widely as to whether the lateral ligaments of the knee were stretched, lacerated or cut. They differ also as to whether, since the injury, plaintiff could stand on his leg and could do the work to which he was accustomed. Plaintiff is positive that he can not stand on his leg on account of the condition of his knee, and that since the accident he can do only light work, and can not engage in heavy work of the character in which he was previously employed. The physicians do not agree as to this statement of the plaintiff, but the preponderance of the expert testimony supports the plaintiff

in that respect. Plaintiff testifies that after he was injured he was laid on his back for eighteen days with ice bags from his knee to his side. Dr. Douglas, testifying for defendant company, says there was a pretty good incision on the knee, but that the cut did not reach the bone. The preponderance of the testimony, however, shows that the wound was of considerable severity. The fact is that the defendant company· placed plaintiff on compensation for a period of a little less than three months, after which he was discharged. The payments made by the company in compensation are not at all referred to as a confession or acknowledgment of its liability, but as a fact, indicate that the company considered plaintiff severely injured or else it would not have continued the payments for that length of time. Dr. Douglas, witness for defendant, though not willing to admit that the injury was severe, said it was in a serious place. In answer to the question if he thought plaintiff would get well, he said, "as near well as he will ever be". It is true he stated that plaintiff when discharged was able to go to work, as he was at the time of the trial, still, his answer remains that he was as well as he would ever be. The proof is, according to the preponderance of the evidence, that at the time of the trial, plaintiff could not stand on his left leg and that the injury had caused a permanent impairment or disability to that leg. Such being the proof, as he was then as well as he would ever be, according to the opinion of Dr. Douglas, we must conclude that this disability· from which plaintiff suffers is permanent.

Defendant contends that plaintiff can not, however, recover as by using a "brace" to his knee which it is contended is a very simple mechanical device that his leg could be restored to about its

normal functions. Let us say that such a restoration could be effected by that simple contrivance, yet, it is evident, that the injury would still remain. There can be no cure for that. Plaintiff might obtain assistance or perhaps relief by the remedy suggested, but that should not deprive him from obtaining compensation for the permanent disability of which he justly complains.

Another defense is that the disability for which plaintiff sues in the instant case, had been caused in a prior accident to his knee which occurred in 1922, while he was an employee of the Lutcher-Moore Lumber Company. Plaintiff admits that a log fell on or struck his left knee at that time; that it had caused considerable swelling which continued for about three months. In that accident it does not appear, as it does here, that there had been any laceration or severance of the patella or lateral ligaments. Plaintiff says as soon as he was discharged, after the accident in 1922, he returned to his work and performed the same services he had rendered before. He is certain that he had recovered completely from the effects of that accident, and that he was not in the least handicapped from doing work of any character, light or heavy. If he had suffered an injury similar in its effects to the one for which he now sues, the disability resulting therefrom would have been permanent, and he would not have been employed by defendant in the heavy work he was doing when his knee was cut in August, 1926. No doubt, his trouble would have been detected, if in reality he could have performed such work, and his services would have been dispensed with.

Counsel for defendant contend that if plaintiff recovers, he should not have judgment on a wage basis of $4.50 per day. In its answer defendant judicially admitted that the daily wages of plaintiff were at that rate. Evidence was permitted to be introduced to contradict this judicial admission on the plea that it had been made in error by counsel. In addition to this plea, we find, it is admitted that the payments in compensation which were made by defendant to plaintiff from August to November, were all on the basis of wage earnings at $4.50 per day. It is not probable that a settlement of that character would have been effected with plaintiff, unless his daily wage was at that rate.

Under such a judicial admission coupled with payments in compensation in the amount above stated, we find no reason to disturb the judgment in reference thereto, nor in any other respect.